OLOF OLSON VIK v. RED CLIFF LUMBER COMPANY.[1]

July 27, 1906.

Nos. 14,756—(175).

**Negligence of Fellow Servant.**

> *Held*, in this, a personal injury action, that the undisputed evidence
> shows that the defendant was not negligent in failing to furnish the plain-
> tiff a safe place in which to work, or in failing to warn him as to any
> dangers incident to the place or work, and, further, that it shows that
> the sole proximate cause of his injury was the negligence of his fellow
> servant.

Action in the district court for St. Louis county to recover $1,999
for personal injuries. The case was tried before Ensign, J., and a
jury, which rendered a verdict in favor of plaintiff for $1,000. From
an order denying a motion for judgment notwithstanding the verdict
or for a new trial, defendant appealed. Reversed and judgment or-
dered for defendant.

*Howard T. Abbott,* for appellant.

*John Jenswold, Jr.,* for respondent.

START, C. J.

The plaintiff, on May 9, 1905, while employed in the defendant's
sawmill in taking lumber from the rollers in the rear of the gang saw,
was struck, and his leg broken by boards on the rollers being pushed
against it. This is an action to recover damages for his injuries. A
verdict was returned in his favor for $1,000, and the defendant ap-
pealed from an order denying its motion for judgment in its favor or
for a new trial.

The plaintiff based his right of recovery upon the ground that the
defendant was guilty of negligence, which was the proximate cause of
the injury, in requiring him to work in an unsafe and dangerous place,
in failing to warn him of the risks and dangers connected with his
work, and the place where it was to be done, and in the management
of the gang saw. The defendant claimed that the dangers, if any,

[1]Reported in 108 N. W. 469.

incident to the place and work were open and obvious, known and appreciated by the plaintiff and assumed by him; and, further, that the sole proximate cause of the injury was the negligence of the gang sawyer, the fellow servant of the plaintiff.

It is clear from the record that the gang sawyer was negligent, and that he was a fellow servant of the plaintiff. That he was negligent the plaintiff concedes, but claims that his negligence was that of the defendant. The evidence does not justify the claim, for it is conclusive that the sawyer was a fellow servant, and that his negligence was not that of the defendant. The trial court correctly charged the jury to the effect that if the negligence of the gang sawyer, only, was the proximate cause of the accident and of the plaintiff's injuries, he could not recover; but if the defendant and gang sawyer were each negligent, and the negligence of the two combined contributed directly to and caused the plaintiff's injury, the defendant was liable.

The important question on this appeal is whether the negligence of the plaintiff's fellow servant was alone the proximate cause of his injury. The proximate cause of an injury is ordinarily a question of fact for the jury; but if the facts are undisputed or conclusively proven, and different conclusions therefrom cannot be reasonably drawn, it is a question of law for the court.

The evidence in this case is substantially undisputed to the effect that: The plaintiff was twenty three years old and a common laborer, who, prior to entering the service of the defendant, had worked on a farm with threshing machines and in the woods at lumbering. On the Saturday before he was injured, which was Tuesday, he applied to defendant's foreman for work, and was told he could have a job taking away the lumber behind the gang saw. That he then went into the mill where he was at work and watched the men taking away the lumber until he understood how the work was done, then went away and came back Monday, commenced work, and was injured at three o'clock p. m. the next day. That other than this he was not instructed or warned as to the dangers incident to the place where he was to work. That in the part of the mill where he was injured there was a gang saw, consisting of twenty eight saws. Cants—that is, squared logs—were placed on rollers in front of the saws, and run through

them slowly at the rate of one foot in seven and a half seconds. As the cant passed through the saws, the end of the boards passed upon rollers in a table behind the gang; and the boards moved along on the rollers until, the cant being completely sawed—that is, made into boards—they would rest on the table. That the roller table·was approximately twenty two feet long. That at the end of the table was a space three feet and seven inches long, making the distance from the bumper—its rear—to the gang some twenty five feet and six inches, and four feet and eight inches wide. This space was boarded to the height of two feet and eight inches. That the men who took away the lumber stood in this place, and would lift the boards when completely sawed from the table, and place them on other rollers which carried them away. When in the progress of the work it happened that all of the boards on the table were not removed, so as to make way for those coming through the saws, it was the duty and custom of the sawyer to stop the cant which he could instantly do by means of a lever, and prevent the ends of the boards which were coming through the saws from striking the ends of those lying on the table, thereby pushing the latter into the space where the men stood. That at the time of his injury the plaintiff was in this space at the rear of the roller table engaged·with another man taking away the boards in the manner stated. There were three boards on the table and the sawyer negligently failed to stop the cant he was sawing until they could be removed, but allowed the cant to move on until it struck the ends of them whereby they were shoved ahead and struck the plaintiff's leg and broke it; and, further that the plaintiff knew that there was no danger of his being injured by the boards, unless the sawyer ran the cant against them, and that if the cant did push them along the roller table his leg might get hurt.

The inference from the undisputed evidence is quite conclusive that the plaintiff knew and fully appreciated the dangers, if any, incident to the operation of sawing the cants and removing the boards; for the place where he worked was a plain and open one, without any exposed machinery, and the work was not complicated. His counsel suggests that he was ignorant of the liability of the cants being sent through, so as to push the boards against him. Such a contingency,

if the sawyer should be negligent, a risk which he assumed, must have been obvious to him.

He testified, through an interpreter, in reference to this matter, as follows:

> Q. If the sawyer had stopped his cant before it pushed the ends of the three boards at the time you were hurt, you would not have been hurt? A. No. Q. There was no danger of your getting hurt from those boards there where you were working except if the sawyer ran his cant up against the other end of the boards? A. No. Q. You knew that if the cant struck the end of the board and pushed it up against your leg it would hurt you? A. That I didn't know anything about. * * * Q. You knew while you were working there that if a cant pushed a board along those rollers and the board came up against your leg that it might hurt you? A. Yes. * * * Q. The sawyer stopped the cant before it struck the ends of the boards ordinarily? A. Yes. Q. Why did he stop it before it struck the ends of the boards? A. So that we might pick up what was left. Q. Before it struck the end of the boards? A. Yes. * * * Q. If he did strike the ends of the boards before you got them put away it moved them ahead in your direction? A. Yes. Q. And if they came ahead in your direction you knew that you might get hurt there? A. When nothing of the kind happened I could not know.

He further testified that the cant had never struck the boards before he was hurt because the sawyer always stopped it in time, but he did not do so the time of the accident, and that was the way he happened to get caught.

It is true, as urged by plaintiff's counsel, that if the space between the saw and the rear of the place where the plaintiff stood had been thirty two feet long there would have been no danger of the cants striking the ends of the boards; but this alone would not justify a finding that the appliances were not properly constructed. There is no dispute as to the law applicable to this case, and the only reasonable conclusion to be drawn from the undisputed evidence is quite obvious. Upon a full consideration of the entire record we are of the

opinion that there was no evidence justifying a finding by the jury that the defendant was negligent in failing to furnish the plaintiff a safe place in which to work, or in failing to warn him as to any dangers incident to the place of work; and, further, that the sole proximate cause of his injuries was the negligence of his fellow servant, the sawyer.

It follows that the defendant was entitled to a directed verdict, and that the order appealed from must be reversed, and the cause remanded to the district court, with direction to grant defendant's motion for judgment notwithstanding the verdict.

Reversed and judgment ordered for defendant.