## LILLIAN McVAY v. MANNHEIMER BROTHERS.[1]

January 13, 1911.

Nos. 16,854—(177).

**Safety of appliance.**

The safety of an appliance or instrumentality may depend on its location and use. It may be a safe instrumentality under some circumstances, but unsafe under others.

**Dangerous appliance.**

The evidence was sufficient to justify the jury in finding that a metallic waste box, with a heavy adjustable door, was so located in appellant's store as to become a dangerous instrumentality when operated by an inexperienced or incompetent person, and that appellants were guilty of negligence in permitting an inexperienced and incompetent boy to operate the door, when located adjacent to a passageway through which other persons had the right to pass.

Action in the district court for Ramsey county against defendant corporation to recover $2,000 for personal injuries. The facts are stated in the opinion. The complaint alleged that when plaintiff approached the door to the engine room, the door of the box described in the opinion was open, and about three feet above her head, but plaintiff had no notice thereof or that the door was about to be closed. The answer admitted the employment of plaintiff but denied the other allegations of the complaint. The action was tried before Kelly, J., and a jury which rendered a verdict for $650 in favor

[1] Reported in 129 N. W. 371.

113 M.—15.

of plaintiff. Defendant's motion for judgment notwithstanding the verdict was denied. From the judgment entered pursuant to the verdict, defendant appealed. Affirmed.

*Morton Barrows,* for appellant.

*James Schoonmaker,* for respondent.

LEWIS, J.

Appellants were operating a department store in a five-story building in the city of St. Paul, and had constructed a sheet-iron box for the reception of waste paper, which was located in one of the basement rooms adjoining a door which opened from that room into the engine room. The dimensions of the box were seven feet and three inches long, four feet deep, and seven feet high. The front side was divided into two doors. The lower one, somewhat the larger, opened on hinges down to the floor; and the upper one opened upwards, and was held in place by two counterweights, weighing about fifty pounds, and the door itself weighed about forty-seven pounds. To enter the engine room, employees were required to stop at the entrance next to the waste paper box and ring a bell. Respondent, having been sent from an upper story to the engine room for some hot water, was standing about a foot from the entrance and awaiting the answer to the bell, when a boy employed to gather up waste paper reached up, caught hold of the open upper door, and pulled it suddenly down. It struck respondent on her head, and caused the injuries complained of. It was the duty of this boy, among other things, to clean up the waste paper and put it in the box. Just before respondent rang the bell, he had raised the upper door and deposited some waste in the box, but did not observe that respondent was near. The complaint charges that the box was negligently constructed, was an unsafe instrumentality, and that appellant had been guilty of negligence in permitting an incompetent boy to open and close it. The court submitted these issues to the jury, and a verdict was returned for respondent.

The question is: Is there any evidence to warrant the finding that appellants were guilty of negligence, or does it conclusively appear from the evidence that the accident was caused by the carelessness of a fellow servant?

A sheet-iron box constructed in the manner stated is not necessarily, in itself, an unsafe instrumentality. It may be perfectly safe to use such a box, if located in a place where people having occasion to be in its vicinity would not be likely to come in contact with it. But when located in the proximity of a thoroughfare, where employees have a right to pass, then it may be an unsafe instrumentality, according to the manner in which it is operated. In the hands of a careful person, people who had occasion to pass in the vicinity would not be likely to be injured; but if operated by an inexperienced or incompetent person, lacking in judgment with regard to the safety of others, then it might be regarded as an unsafe instrumentality. We are of opinion that it was a question of fact whether a heavy lid, or door, of that kind, so arranged that it might be pulled down suddenly and strike a person having a right to be near it, was an unsafe instrumentality, and that it was also a question of fact whether appellants exercised due care in permitting an inexperienced boy to open and close the door, under such circumstances.

This case is distinguished from Vik v. Red Cliff Lumber Co., 99 Minn. 88, 108 N. W. 469, relied upon by appellant. In that case the master was not guilty of negligence in any respect. It appeared conclusively that the accident was caused by the negligence of the sawyer in failing to stop the gangsaw in time to prevent injury to the man on the opposite side, whose duty it was to remove the lumber. It was not shown that the sawyer was an incompetent person, or that the instrumentality was not a proper and safe appliance.

In the present case the facts are different. The boy had been employed in the store for about three months; his duties being to run errands and pick up waste material and put it in the box. He was not instructed in any particular as to how to manipulate the door of the box, and while, under ordinary circumstances, he would be perfectly qualified to gather up and dispose of waste matter, it is reasonably open to doubt whether such a person ought to have been permitted to operate a door of that kind, placed where it was, without proper instructions.

Affirmed.

JAGGARD and SIMPSON, JJ., took no part.